## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.  1:07-cv-02163 (RMU) |
| | ) |
| THE ADAM CORPORATION/GROUP, | ) ) |
| Defendant. | ) ) |
| | ) |

### DEFENDANT'S UNOPPOSED MOTION
### TO ENLARGE TIME TO RESPOND TO COMPLAINT
### AND TO SUSPEND TIME FOR RULE 16 AND 26(f) CONFERENCES

Pursuant to Fed. R. Civ. P. 6 and 12, and LCvR 7, Defendant respectfully requests that its time to move, answer, or otherwise respond to Plaintiff's Complaint be enlarged until 10 days after the United States District Court for the Northern District of Texas rules on two pending motions in *The Adam Corporation/Group et al. v. FDIC*, No. 3:07-cv-1993-L:  the FDIC's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and The Adam Corporation/Group's Motion to Compel Arbitration.  Defendant further requests that the Court suspend the time for holding conferences pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure until after the foregoing motions are resolved.

### FACTS

This case arises out of two contracts among three parties and their successors in interest.

Of relevance here, plaintiff and defendant entered into two Standstill and Tolling Agreements, requiring that through and including November 29, 2007, neither party would initiate any legal action or arbitration concerning this dispute.  Negotiations proved unavailing. On November 30, 2007, TACG and Citibank filed a Petition to Compel Arbitration in the

Northern District of Texas and a Motion to Compel Arbitration.  On the same day, TACG and

Citibank also filed a Demand for Arbitration with the AAA in Dallas, Texas.  Also on November

30, 2007, the FDIC filed this case.

The parties have briefed three issues in the Northern District of Texas and that Court has

decided one of them:  *First*, TACG's Motion to Compel Arbitration is fully briefed.  Judge

Lindsay of the Northern District of Texas referred that motion to Magistrate Judge Ramirez to

report and recommend.  *Second*, the FDIC moved to transfer the venue of that case to this

District under 28 U.S.C. § 1404(a).  That motion, too, has been fully briefed and referred to

Magistrate Judge Ramirez.  *Third*, the Court in Texas decided a contested motion by the FDIC

for an extension of its time to move, answer, or otherwise respond to the Complaint until that

Court has resolved the two pending motions.  The Court entered an Order reading:

> The Court hereby extends [the FDIC's] responsive pleading
> deadline, to the extent that a responsive pleading is required by
> applicable law, until 10 days after the court rules on Defendant
> FDIC's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)
> and Petitioner's Motion to Compel Arbitration.

Order dated January 25, 2008, *The Adam Corporation/Group v. FDIC*, No. 3:07-cv-1993-L

(N.D. Tex.).

## ARGUMENT

Counsel for Defendant has conferred with Plaintiff's counsel.  Both parties agree that

Defendant should not be required to move, answer, or otherwise respond to the Complaint in this

Court until after the District Court for the Northern District of Texas decides the motions

presently briefed and pending decision by that Court.  The parties also agree that the time for

holding conferences pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure

should be suspended until after the foregoing motions are resolved.

This Court has discretion to manage its docket to avoid duplication of litigation in another District.  *See Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183-84 (1952); *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003); *Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620, 627 (D.C. Cir. 1975). While the decision is committed to the sound discretion of the district court, the "general principle is to avoid duplicative litigation."  *Kerotest*, 342 U.S. at 183; *Handy*, 325 F.3d at 350.

Here, the pendency of the two cases in courts of coordinate jurisdiction raises the possibility of duplication of judicial efforts and the risk of inconsistent decisions on the question of arbitrability as well as on the proper venue of the dispute.  The parties agree that duplication of judicial efforts and the risk of inconsistent decisions on these issues should be avoided.

## CONCLUSION

Defendant's time to move, answer, or otherwise respond to the Complaint should be enlarged until 10 days after the United States District Court for the Northern District of Texas decides the motions presently briefed and pending decision by that Court. Further, the time for holding conferences pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure should be suspended until after the foregoing motions are resolved.

Respectfully submitted,

Dated: February 7, 2008

**ARNOLD & PORTER LLP**

By:_____/s/_____
Kent A. Yalowitz (*Pro Hac Vice*)
Erik C. Walsh (*Pro Hac Vice*)

399 Park Avenue
New York, NY 10022
(212) 715-1000
(212) 715-1399

- and -

By:____/s/_____
Michael A. Johnson (D.C. Bar No. 460879)

555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000
(202) 942-5999 (fax)

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FEDERAL DEPOSIT INSURANCE
CORPORATION,

                             Plaintiff,

      vs.

THE ADAM CORPORATION/GROUP,

                        Defendant.

No. 1:07-cv-02163 RMU

**[PROPOSED] ORDER ENLARGING DEFENDANT'S TIME TO RESPOND TO
COMPLAINT AND SUSPENDING TIME FOR RULE 16 AND 26(f) CONFERENCES**

      Having read Defendant's unopposed motion, considered the arguments and authorities presented therein, and found them sufficient, the Court hereby grants Defendant's motion for good cause shown.  Defendant's time to move, answer or otherwise respond to Plaintiff's Complaint is enlarged until 10 days after the United States District Court for the Northern District of Texas rules on the two pending motions in *The Adam Corporation/Group et al. v. FDIC*, No. 3:07-cv-1993-L:  (i) the FDIC's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and (ii) The Adam Corporation/Group's Motion to Compel Arbitration.  Further, the Court hereby suspends the time for holding conferences pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure until after the foregoing motions are resolved.

      It is so ordered this ___ day of _____, 2008.

                                    _____
                                    Ricardo M. Urbina
                                    United States District Court Judge