UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br>550 17th Street, N.W.,<br>Washington, D.C. 20429,<br><br>Plaintiff,<br><br>vs.<br><br>THE ADAM CORPORATION/GROUP,<br>1111 Briarcrest Drive, Suite 300,<br>Bryan, Texas 77802,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:07-cv-02163 RMU |

## THE FDIC'S REPLY REGARDING MOTION TO CONSOLIDATE AND REQUEST FOR AN EXPEDITED RULING ON PENDING MOTION TO COMPEL ARBITRATION

Based on TACG's Response brief filed May 14, TACG now agrees with the FDIC that consolidation of this case with the related action, *The Adam Corporation/Group et al. v. Federal Deposit Insurance Corporation*, No. 1:08-cv-753 (RMU) (the "TACG Action"), "would serve the interests of convenience and economy of the Court and the parties." Accordingly, the FDIC requests that the Court grant its Motion to Consolidate as unopposed.

Similarly, the FDIC and TACG agree that the Court and the parties share an interest in resolving the threshold question of the arbitrability of the parties' respective claims on an expedited basis. For that reason, the FDIC's Motion to Consolidate also requested expedited consideration of TACG's motion to compel arbitration. That motion to compel arbitration was fully briefed as of January 2008 then transferred to this Court with the TACG Action. However, after the FDIC filed its Motion to Consolidate on April 30, TACG filed a "renewed" motion to compel arbitration, or, in the alternative, to transfer to the Northern District of Texas pursuant to

28 U.S.C. § 1404(a). *See* TACG Action, Docket Entry 7 (filed on May 6, 2008). TACG's "renewed" motion, which effectively supplements the fully-briefed motion to compel arbitration transferred to this Court with the TACG Action, relies on authorities not presented in the original briefing. Pursuant to this Court's rules, the FDIC's opposition to TACG's "renewed" motion to compel arbitration and motion to re-transfer the TACG Action back to the Northern District of Texas is due on May 22, 2008.[1] Although the FDIC will certainly file its opposition to the renewed motion no later than May 22, the FDIC is working to complete its opposition sooner so as to further facilitate an expedited resolution of the threshold arbitrability question.

For the foregoing reasons, the FDIC requests that the Court (i) consolidate this case with the TACG Action and (ii) resolve TACG's motion to compel arbitration on an expedited basis once briefing is completed.

Dated: May 15, 2008

Respectfully submitted,

/s/ David A. Super

| | |
|---|---|
| Claire L. McGuire (D.C. Bar No. 247924) | Kirk K. Van Tine (D.C. Bar No. 257139) |
| Larry L. Goodman (D.C. Bar No. 421980) | David A. Super (D.C. Bar No. 429359) |
| Leslie A. Conover (D.C. Bar No. 366826) | Samuel J. Waldon (D.C. Bar No. 441885) |
| Bruce C. Taylor | Ryan E. Bull (D.C. Bar No. 481743) |
| John A. Davidovich | Sheila J. Kadagathur (D.C. Bar No. 500647) |
| FEDERAL DEPOSIT INSURANCE CORPORATION | BAKER BOTTS L.L.P. |
| 3501 Fairfax Drive | The Warner |
| Arlington, VA 22226 | 1299 Pennsylvania Avenue, NW |
| Tel: (703) 562-2390 | Washington, DC 20004 |
| Fax: (703) 562-2481 | Tel.: (202) 639-7700 |
| | Fax: (202) 639-7890 |

*Attorneys for Plaintiff*
*Federal Deposit Insurance Corporation*

---

[1] *See* Local Civil Rule 7(b) (providing 11 days for opposition briefs); Local Civil Rule 5.4(b)(6) (providing that documents served through the Court's ECF system are served pursuant to Fed. R. Civ. P.5(b)(2)(D), and thus, pursuant to Fed. R. Civ. P. 6(d), three additional days are added after the 11-day period would otherwise expire).

## Certificate of Service

I HEREBY CERTIFY that on this 15th of May, 2008, a true and correct copy of the foregoing FDIC's Reply Regarding Motion Consolidate And Request For An Expedited Ruing On Pending Motion To Compel Arbitration was served by the Court's ECF system in accordance with Local Rule 5.

*[Signature]*